## AURIN Z. LITTLEFIELD & al. vs. JOHN KIMBALL, JR.

Where an equity of redemption has been attached, and is afterwards mortgaged a second time, and the mortgage is recorded, and the equity is then attached in another suit, and executions issuing on judgments in both suits are put into the hands of an officer, and the equity is sold on the first execution; he is not bound to search the registry and ascertain whether there has been an intermediate conveyance, but may appropriate the balance to satisfy the second execution, if he has no notice of the second mortgage.

A notice to the officer by the second mortgagee, that he had a mortgage upon the premises and that it was recorded, without exhibiting his mortgage or the evidence of his title, is not sufficient to require the officer to pay over the balance to him; but it is sufficient to inform the officer that a claim to it is asserted under the mortgage, and to make it his duty to retain the money a reasonable time after it was received to enable the mortgagee to establish his title by an exhibition of it, and to demand the money.

A reasonable time is not given for that purpose, if the money be paid over on the second execution on the day of the sale of the equity.

CASE against the defendant, a deputy sheriff, for refusal to pay over money received by him upon the sale of an equity of redemption in favor of *Andrew Morse, jr.* against *Dawes & Whitcomb.* *Dawes* had mortgaged certain land to *Andrew Morse, sen'r,* and the equity was attached by *Morse, jr.* in the suit in which the judgment was recovered. After this attachment *Dawes* made another mortgage to the plaintiffs, which was immediately recorded. The execution was seasonably in the hands of the officer, and he duly advertized the equity for sale. Before the sale was made, the plaintiffs gave information to the officer, that they had a mortgage of the same property, and stated to him that if he doubted it, they wished him to adjourn the sale and search the records, and offered to go with him to the registry, a distance of five miles, to search the records, but did not exhibit their mortgage to him. Thereupon an adjournment took place, and the sale was afterwards made. The report does not state for what time the adjournment was, or whether the sale of the equity was made on that or a subsequent day. The defendant sold the equity to one *Soule* for more than sufficient to satisfy that execution and fees, and applied the balance, $147,30, on the same day to satisfy in part an execution in his hands in favor of *Soule* against *Dawes.* The money

was applied to the payment of *Soule's* execution on the day of the sale. Before this suit was commenced, the plaintiffs demanded the money of the defendant. At the trial, before SHEPLEY J., after the facts were out, the parties agreed, that if the plaintiffs were entitled to recover, judgment was to be rendered by default ; and if not so entitled, they were to become nonsuit.

*Boutelle* and *Leavitt*, for the plaintiffs, argued, that the plaintiffs were entitled to the balance, above satisfying the first execution, as their mortgage was given and recorded before any attachment by the second creditor. Our statute on this subject is a literal transcript of that of *Massachusetts*, and the decisions there are applicable here. The notice was sufficient. A mere notice of the assignment, without exhibiting any evidence of it, has been held sufficient. Here the officer dispensed with all evidence but the record, and adjourned to examine that. Notice of the claim is sufficient to protect it, in all cases of money held in trust. By paying the money, as the officer did, he must rely only on the right to pay over the money on the second execution. They cited *Bacon* v. *Leonard,* 4 *Pick.* 277; *Bigelow* v. *Wilson,* 1 *Pick.* 485; *Clark* v. *Austin,* 2 *Pick.* 528; *Brown* v. *Maine Bank,* 11 *Mass. R.* 153; *Davenport* v. *Woodbridge,* 8 *Greenl.* 17; 12 *Johns. R.* 343; 19 *Johns. R.* 95.

*Tenney,* for the defendant, contended, that on these facts the officer was bound to apply the balance to the satisfaction of the second execution. It is not enough for the plaintiffs to say to the officer, we have a mortgage, but they must exhibit to him the evidence of the existence of it. The officer is under no necessity of going to the registry to see whether there are mortgages after the attachment. Besides, the mere record of a mortgage is not the proper evidence of the existence of it. *Stat.* 1821, *c.* 60, § 20; *Foster* v. *Sinkler,* 4 *Mass. R.* 450; *Dix* v. *Cobb,* 4 *Mass. R.* 508; *Wood* v. *Partridge,* 11 *Mass. R.* 488; and *Clark* v. *Austin,* and *Bacon* v. *Leonard,* cited for the plaintiffs.

The opinion of the Court was by

SHEPLEY J. — The debtor having made a second mortgage of the premises to the plaintiffs, after the attachment and before the sale of the equity of redeeming the first mortgage, all the estate

Littlefield *v.* Kimball.

more than sufficient to satisfy the lien thus created, passed to the plaintiffs ; and their property cannot be appropriated to the use of the debtor or his other creditors, unless the plaintiffs have forfeited their rights by neglecting to make them known in such a manner as to protect them. The officer had a second execution in his hands, to which he was by law obliged to apply the surplus, if the money belonged to the debtor.

The plaintiffs had caused their mortgage to be recorded ; but it has been decided, that it was not the duty of the officer to search the records to ascertain the existence of any such conveyance. *Bacon* v. *Leonard,* 4 *Pick.* 282. Before the sale of the equity the plaintiffs informed the officer, that they had a mortgage, and that it was recorded, but did not exhibit it to him. After an adjournment the officer sold the equity to the creditor in the second execution, and on the day of the sale applied the surplus to satisfy in part that execution. It is objected, that the notice to the officer was not sufficient to protect him. And it was not sufficient to have authorized him to pay to the plaintiffs without an exhibition of their title. But it was sufficient to inform him, that they asserted a claim to it, and to make it his duty to retain the money in his hands for a reasonable time after it was received, to enable them to establish their title by an exhibition of it, and demand of the money. The plaintiffs might reasonably conclude, that the purchaser would require the whole of the day of sale to make his payment and obtain his title ; and the officer having on that day applied it to the second execution, did not afford them a reasonable opportunity to exhibit their title and demand the money, which he ought to have presumed from the previous notice would have been done in proper season. The notice was sufficient to put the officer on his guard and to prevent his applying the money in that hasty manner to the second execution ; and he thereby committed a wrong, for which he must be responsible.

*The defendant is to be defaulted, and judgment*
*entered for the amount agreed.*